Argued October 8, affirmed November 5, 1973

# CANNON, *Petitioner, v.* JURAS, *Respondent.*

515 P2d 428

*Julian Herndon, Jr.,* Portland, argued the cause for petitioner. With him on the brief was Sam Wilderman, Portland.

*Al. J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

**FOLEY, J.**

Petitioner appeals from a "Final Order" of the Administrator of the Public Welfare Division determining petitioner's liability in the amount of $384 to that agency for public assistance furnished his needy mother. ORS 416.010 et seq. We affirm.

Petitioner claims he is exempt from contribution under ORS 416.030 (2)(c)[1] because he was abandoned or driven from the home as a child. The evidence was that petitioner, when 15 years of age, voluntarily began to work in logging camps. He returned home during his 16th year and found his mother living with a man. Claimant is not sure whether his mother was married to the man at that time or not. The man met petitioner at the door and refused to let him enter. Petitioner's mother was present, did not step forward or make any statement. Petitioner testified:

"ATTORNEY: Okay, and what happened?

"CLAIMANT: And a . . . . well he met me at the door. He said that I wasn't welcome there and I said well I'm not going anywhere I'm not welcome and a . . . before that I'd worked in the shipyards and I'd a paid the bills there because my mother said that she didn't get any help from her husband, her first husband. And so I a had a little disagree-

---

[1] ORS 416.030 (2):

"No liability for the support of a needy person shall be imposed under the provisions of ORS 416.010 to 416.260 upon:

"* * * * *

"(c) The child of a needy person if, during the minority of the child, such person wilfully deserted or abandoned the child, or, by expulsion or cruelty, drove the child from the parental home, or, without good cause, was responsible for the child's being 'dependent' as defined by subsection (2) of ORS 418.205.

"* * * * *."

ment in the shipyards and I went somewhere else and I worked there and I still helped. But a . . . ."

Petitioner further testified that he was allowed to return to obtain his belongings but did not again return to his mother's home until he was out of the Army several years later.

The hearing officer concluded that petitioner had emancipated himself and thus was not abandoned or deserted. We need not decide whether petitioner was emancipated. The only evidence of abandonment or desertion was that his mother did not take a stand when the man told him he was not welcome there at the home where his mother was living. We have previously held that

"* * * expulsion of the child from the home must have been accompanied with a bad purpose or wrongful intent on the part of the mother if petitioner is to be exempt * * *." *Cheatham v. Juras,* 11 Or App 108, 112-13, 501 P2d 988 (1972).

Petitioner presented no evidence to show his mother acted with a bad purpose or wrongful intent. The fact that the mother did not assert herself to overcome the man's refusal to welcome petitioner into the home occupied by herself and the putative stepfather is not a sufficient basis to conclude that she acted with a bad purpose or wrongful intent.

Petitioner's other contentions are without merit.

Affirmed.